FRANKLIN PIERCE McCALL v. STATE.

186 So. 803.

Opinion Filed February 18, 1939.

C. A. Avriett and E. C. Rutledge, for Plaintiff in Error;

George Couper Gibbs, Attorney General and Thomas J. Ellis and Tyrus A. Norwood, Assistant Attorneys General and G. A. Worley, State Attorney for the State.

PER. CURIAM.—This cause is before us on petition for leave to apply to the Court below for writ of error *coram nobis*.

Even in the court of original jurisdiction the process is not a writ of right but is one granted only on a showing of cause, and then it is in the court's discretion whether, on the affidavits presented, to allow the writ or not. See 34 C. J. 399, Sec. 622, Washington v. State, 92 Fla. 740, 110 So. 259.

Here the petitioner presents no supporting affidavits, but only his own verified petition. Such pertinent allegations as are contained in the petition are positively and directly contradicted by the testimony given by the defendant in the court below and by other witnesses.

In the petition now before us the convicted petitioner for the first time in the record denies his guilt of the offense charged. The record of his own testimony and of corroborating physical circumstances show beyond any question of reasonable doubt that he did commit the crime of which he stands convicted and that his present belated denial of guilt is false and untrue.

In the exercise of its discretion in matters of this sort the court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. This duty we have met and we are convinced that to grant the petition would be no less than a trifling with justice.

Aside from this the petition comes too late under the facts in this case. See Lamb v. State, 91 Fla. 396, 107 So. 535.

The petition is denied.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN, and THOMAS, J. J., concur.