22 So.2d 517

**Ex parte BURNS.**

**6 Div. 369.**

Supreme Court of Alabama.

June 6, 1945.

Rehearing Denied June 23, 1945.

Horace C. Alford, of Birmingham, 'for petitioner.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

PER CURIAM.

The petitioner, Elbert J. Burns, was tried and convicted of murder in the first degree and received the death penalty. Burns v. State, Ala.Sup., 19 So.2d 450.[1] Application for rehearing was overruled by this court and subsequently petition for certiorari was denied by the Supreme Court of the United States. 324 U.S. 843, 65 S.Ct. 589, 89 L.Ed. 1405. The present petition to this court is for the purpose of getting this court to enter an order granting petitioner the right to file a petition in the Circuit Court of the Tenth Judicial Circuit of Alabama for a writ of error coram nobis. In substance the petition is based on allegations that the conviction of petitioner was obtained on the perjured testimony of Lola Burns and Charlie Odiorne and that such perjured testimony was knowingly used by the law enforcement officers of the State of Alabama. The petition is further based on the alleged violation of petitioner's constitutional rights in the selection of the jury.

So far as the contention with reference to the method of selecting the jury is concerned, comment by us is unnecessary except to point out that this insistence was passed upon and denied by the Supreme Court of the United States in this case when it denied certiorari. Burns v. State, Ala.Sup., 19 So.2d 450, 460.[1] See also Morris v. State, 234 Ala. 520, 175 So. 283; Id., 302 U.S. 642, 58 S.Ct. 48, 82 L.Ed. 499, rehearing denied 302 U.S. 778, 58 S.Ct. 263, 82 L.Ed. 602; Dyer v. State, 241 Ala. 679, 4 So.2d 311; Dixon v. State, 27 Ala. App. 64, 167 So. 340, certiorari denied 232 Ala. 150, 167 So. 349.

However, if the basis of the conviction of petitioner was perjured testimony which was knowingly used by the prosecuting authorities in order to obtain that conviction, then petitioner was not accorded the due process to which he is entitled under the Fourteenth Amendment of the Constitution of the United States. Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. This court has recognized the common-law writ of error coram nobis as the appropriate remedy to be followed in such a situation. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683. The procedure, accordingly, in the present instance is proper.

But there are certain requirements which must be met before we will grant the unusual relief here sought. In this connection we have said: "We recognize in this State, as does the Supreme Court of Florida (Hysler v. State, 146 Fla. 593, 1 So.2d 628), that the common law writ of error coram nobis is available in such instances and is the appropriate remedy to be followed. See 24 C.J.S., Criminal Law, § 1606. The rule in that State, which we think is just and proper, and is here adopted, calls for a petition to this Court, when the judgment of conviction has been here affirmed, for leave to petition the circuit court where the conviction was obtained for a writ of error coram nobis to review such judgment. Such application should make an adequate showing of the substantiality of the petitioner's claim to the satisfaction of this Court. A mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of the specific facts relied upon, and not merely conclusions as to the nature and effect of such facts. The proof must enable this Court to ascertain whether under settled principles pertaining to such writ the facts alleged would afford at least 'prima facie just ground for an application to the lower court for a writ of error coram nobis.' And in the exercise of our discretion in matters of this character, this Court should look to the reasonableness of the allegations of the

[1] 246 Ala. 135.

petition and to the existence of the probability of the truth thereof." Johnson v. Williams, 244 Ala. 391, 13 So.2d 683, 686.

 We will look to the petition, in the light of the records of this court, to see if it meets the requirements of the foregoing authority. Are the allegations of the petition reasonable and what is the probability of their truth? We take judicial knowledge of the records of this court. And so we know that fundamentally petitioner was convicted on the testimony of his accomplice, Charlie Odiorne, and the evidence offered in corroboration of such testimony. The testimony of Lola Burns was only a part of the corroborating testimony. Reference to our opinion in Burns v. State, supra, will show the range and strength of the corroborating testimony. We need not set it out here in detail. Suffice it to say that it not only fortifies and proves valid to our reasonable satisfaction the testimony of Charlie Odiorne, but strongly indicates the truth of the testimony of Lola Burns as given on the trial of the cause. "Those experienced in the administration of criminal law well know the untrustworthy character of recanting testimony." People v. Marquis, 344 Ill. 261, 176 N.E. 314, 315, 74 A.L.R. 751. See National Surety Co. v. Boone, 227 Ala. 599, 605, 151 So. 447, 451. In view of the corroborating evidence to which we have referred, we do not think that there is probable truth in the allegations of the petition.

In addition to the foregoing we note that throughout this case, including the motion for a new trial, petitioner has been represented by able and diligent counsel, a situation different from that in Pyle v. State of Kansas, supra. It is only at this late date that the claim of perjured testimony knowingly used has been advanced. In fact, before Lola Burns testified, she was expressly advised by the court that she could not be required to testify. She replied in effect that she desired to testify.

 The charges here are serious and should be specific. There should be nothing which in any way smacks of evasion or generality. The petition should have named the officers alleged to be guilty or should have given a valid excuse for not giving their names.

Exercising the discretion vested in us (Hysler v. State of Fla., 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932) we deny the petition. "In the exercise of its discretion in matters of this sort the court should look to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. This duty we have met and we are convinced that to grant the petition would be no less than a trifling with justice." McCall v. State, 136 Fla. 349, 186 So. 803-804; Hysler v. State, supra; 24 C.J.S., Criminal Law, § 1606, p. 155.

As stated, we rest our conclusion of a denial of this petition upon the theory of its insufficiency on its face, and we might well close the opinion here. But the State has seen fit to file an answer of denial of all the material allegations, with supporting affidavits, particularly that of Lola Burns, which have been read. We are of the opinion the State was acting within its province in filing the answer and supporting affidavits referred to, all of which goes to illustrate the wholly untrustworthy character of recanting testimony, so often referred to in the authorities.

We make it plain, however, that our decision rests upon the insufficiency of the petition itself, and without regard to the answer and supporting affidavits of the State, as we think it clear enough the petition is wholly lacking in preliminary probative force so as to convince the court of any probability of the truth of the averments contained therein.

Petition denied.

All the Justices concur, except BROWN, J., who concurs in the conclusion.