47 So.2d 269

### Ex parte ARRINGTON.

### ARRINGTON v. STATE.
#### 4 Div. 611.

Supreme Court of Alabama.
June 30, 1950.

Franklin H. Williams, of New York City, and M. Ashley Dickerson, of Montgomery, for petitioner.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin and Bernard F. Sykes, Asst. Attys. Gen., for the State.

PER CURIAM.

This is an application to this Court for leave to file in the Circuit Court of Crenshaw County a petition for a writ of error coram nobis. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Ex parte Burns, 247 Ala. 98, 22 So.2d 517; Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Taylor v. State of Alabama, 335 U.S. 252, 68 S.Ct. 1415, 92 L.Ed. 1935; Brown v. State, 250 Ala. 444, 35 So.2d 518; Smith v. State, 245 Ala. 161, 16 So.2d 315.

Appellant was convicted of rape in that county and sentenced to death. On appeal to this Court the judgment and sentence were affirmed, 253 Ala. 178, 43 So.2d 644, and certiorari denied by the Supreme Court of the United States, 339 U.S. 950, 70 S.Ct. 798.

In support of said application, appellant alleges that he was denied a fair trial and due process by reason of certain matters not shown in the report of the case or record on appeal. That is, that his attorney appointed to defend him did not do his duty in that respect; that the plea of guilty by him on arraignment, personally made, was not explained or understood by him and was prejudicial, though it was withdrawn and a plea of not guilty interposed; that he was not properly advised in respect to giving testimony on the trial, in which he did not testify; that he was not allowed to summon witnesses to give evidence on his motion for a new trial; that the atmosphere of his trial was so tense and hostile as to prevent a fair trial and that his attorney made no move to be relieved of the situation.

We heard the testimony offered on this application in open court and the affidavits of others as evidence. We think that he has not made a credible showing in respect to any such claims. The attorney who defended him by appointment was one of those who gave testimony before us. We think there is no substantial foundation for his claim that the attorney did not fully perform his duty in an efficient manner, or that he did or said anything on the trial prejudicial to appellant, but that he acted on his best judgment, honestly entertained, in respect to the various steps taken in his defense.

As to his motion for a new trial by new counsel, we find that they were amply informed that the trial court invariably heard proof in such matters by affidavits of witnesses, rather than their testimony ore tenus, and that they had full opportunity to obtain and submit affidavits from such persons as they desired. They did not pursue such course and offered no such proof. He has made no

showing to us as to the nature of the testimony which he wished to offer on such motion that would justify granting it by the court. We wish to refer to our opinion in respect to that motion on former appeal, supra.

We find from the evidence that during the trial the audience, though tense, was orderly above reproach, made no demonstration during his trial, and not until the verdict was rendered, and the court promptly put a stop to that. There was no threat of violence, though the trial court was attended by a detail of State patrolmen sent for that purpose. It would be impossible to have such a trial without great interest being manifested in the county where it occurred. We find nothing that occurred in and about it which would prevent him from receiving a fair trial.

Application for leave is denied.

All the Justices concur, except GARDNER, C. J., not sitting.