52 So.2d 369

**Ex parte GAMMON.**
**6 Div. 218.**

Supreme Court of Alabama.
May 10, 1951.

Winton G. Wilson, Birmingham, for petitioner.

504

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

FOSTER, Justice.

This is an application to this Court for authority to file in the Circuit Court of Jefferson County a petition for a writ of error coram nobis. Petitioner was convicted in said court of murder in the second degree and his punishment' fixed at forty-five years imprisonment in the penitentiary. The judgment of conviction and sentence were affirmed in this Court. Gammon v. State, ante, p. 109, 50 So.2d 273.

The brief filed in this Court on behalf of petitioner predicates his right to a writ of error coram nobis on fraud practiced on the trial by R. A. McMurdo, a detective for the city of Birmingham, with the knowledge of the deputy solicitor who prosecuted this case. The basis of said fraud is in the facts asserted that when McMurdo was called as a witness he had a duty not to suppress evidence favorable to the defendant, or to allow evidence favorable to the defendant to fade from his memory, but should have testified truthfully and unhesitatingly to all matters within his knowledge. The witness testified on cross-examination that he could not say whether or not other pictures were made. He identified several pictures presented in evidence at the trial. It is claimed that McMurdo's testimony should have revealed the fact that other pictures were taken, which were material evidence for the defendant, and that they were fraudulently suppressed.

The crime occurred in the cafe operated by the defendant. There were several eye-witnesses who testified. Testimony on behalf of the defendant tended to show that the defendant was standing behind the counter and deceased used some opprobrious language to him. Whereupon the deceased, with his fists doubled up, got on

the counter and then, with a beer bottle in his hand, jumped over behind the counter and started after defendant who backed away from him as far as he could with the deceased continuing to advance until finally defendant shot him. Other witnesses to the transaction were examined, and testified that they did not see deceased get up on the counter nor get behind the counter and he was not there when he was shot; that deceased had no weapon and was not making an attack on defendant, and there was no provocation for the shooting.

Petitioner claims that the other photographs, which were taken on the occasion and of which McMurdo knew, showed there was a foot print in some dust on the counter. The photograph is exhibited as a part of the proof on this application. We cannot distinguish from the photograph a foot print on the counter. The proof does not show that the deputy solicitor for the State had any knowledge that McMurdo was suppressing the truth, if such be the fact. It is also claimed that the defendant informed his attorney, who represented him on the trial, of such fact and insisted upon his making every effort to obtain their production, but that he neglected to do so; and did not put the defendant on the stand as a witness, although defendant thought it advisable that he should testify.

The affidavit of the defendant submitted here complains of the negligence of his attorney in preparing for the defense and in conducting it in court. That he failed to summon witnesses and secure the benefit of the pictures in question, and was otherwise negligent.

After the verdict and judgment were rendered, the defendant employed another attorney to make a motion for a new trial, and still another is representing him on this application. Although he explained to the one representing him on the motion that there was such a picture made showing the foot prints of the deceased on the counter, and although several witnesses had not told the truth, and notwithstanding he said he could get the proof of those

matters, his attorney did not try to get the proof, and his motion for a new trial was denied. The motion for a new trial was not predicated on such ground, but only on the grounds the verdict was contrary to the instructions of the court, to the great weight of the evidence, and to the law. Afterwards this defendant consulted another law firm who advised him that they could do nothing.

Petitioner wishes to bring before the Court matter of which he knew at the time of his trial and which his attorney knew, and which his newly employed attorney knew at the time of the hearing of his motion for a new trial. All of which was just as much available to him at that time as it is at the present time.

An examination of the photographs which have been offered in support of this application, in our opinion, do not constitute such evidence as would be likely to cause a different verdict to be rendered.

It is well settled that a defendant who has been convicted of a criminal offense cannot obtain the nature of relief which is here sought on account of false swearing of witnesses, unless such perjured testimony was used by the State in the prosecution of the case with knowledge that it was perjured testimony. Ex parte Burns, 247 Ala. 98, 22 So.2d 517; Brown v. State, 250 Ala. 444, 35 So.2d 518; Pike v. State, 103 Fla. 594, 139 So. 196; Yon v. State, 138 Fla. 770, 190 So. 252.

We also believe it to be a sound principle that a defendant cannot obtain such nature of relief on account of the neglect, want of judgment, or bad faith on the part of his attorney who represented him on the trial of the case, especially when the attorney was of his choice. In the preliminary trial and in the trial court, defendant was represented by different counsel of his own choice. He complains, as we have said, of their inattention and his want of proper representation. If he had just complaint in that respect, his remedy was by motion for a new trial on

506

that ground. A denial of his motion was subject to review on appeal. If he is denied the right of representation by counsel, he is denied due process, reviewable by certiorari in the United States Supreme Court, from a judgment overruling a motion for a new trial. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. Since this denial is reviewable in the manner we have just indicated, it cannot be made the basis of a writ of error coram nobis. House v. State, 130 Fla. 400, 177 So. 705. His motion for a new trial was not predicated on that as a ground, nor on account of matters of which he otherwise here complains, although that was the proper method on which to base relief in bringing them to the attention of the court.

Defendant's only relief at this time, if he has any merit in his contention (which we frankly do not discover) by reason of such a status, is the pardoning power of the State which is set up to prevent injustice to a person who has been convicted, especially when the facts of such injustice were not properly produced in the trial court. This is not a proper remedy on account of the failure to use any matter which was known to the defendant or his counsel and was available at the time of his motion for a new trial. House v. State, supra; Pike v. State, supra; Ex parte Arrington, 254 Ala. 92, 47 So.2d 269; 49 Corpus Juris Secundum Judgments, § 311, p. 563.

We do not think it is necessary to extend the discussion of the question here involved. We have had many cases in this State and find many in other jurisdictions which have considered the subject, and all seem to be in harmony with the conclusions of law which we have expressed. It follows that the application for leave to file the writ is denied.

Petition denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.