73 So.2d 558

### Ex parte FEWELL.

### 6 Div. 607.

Supreme Court of Alabama.

Jan. 14, 1954.

Rehearing Denied June 30, 1954.

248

Winton G. Wilson, Birmingham, for petitioner.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., for the State.

CLAYTON, Justice.

The facts in this case, as disclosed by the evidence before the trial court, are set out in clear detail in Fewell v. State, Ala. Sup., 66 So.2d 771,[1] and will not be repeated here. Rehearing was denied in that case on August 6, 1953, and the appellant, on August 13, 1953, filed petition in this court for leave to file in the circuit court of Jefferson County, Alabama, a petition for writ of error coram nobis.

As the basis of his petition, the petitioner alleges fraud in the procurement of a judgment of conviction against him, practiced by the offices of the solicitor and the sheriff of Jefferson County, Alabama, in the suppression of evidence. First, he seeks to be allowed to attack the voluntariness of the confessions and statements which were introduced in evidence against him on his trial. He seeks to show threats, coercive statements and inducements made to him by Deputy Sheriff B. M. Dinken and Captain O'Connell of the United States Army, at Fort Hood, Texas, from April 10 to April 15, 1952. He would use as witnesses to accomplish this purpose, himself and Mr. Clancey Lake, both of whom took the stand for the same purpose on the original trial.

However, at that time they did not have before them certain comprehensive written notes taken by Mr. Lake who was a newspaper representative present at all times when the appellant was questioned in Texas before being returned to Alabama. Mr. Lake had voluntarily given these notes to the solicitor of the Circuit Court of Jefferson County, Alabama, on April 20, 1952, and petitioner charges the solicitor with fraud in concealing the contents of these notes from the court and defendant's counsel until after the trial. Mr. Lake did have what he termed "running notes", which he referred to while on the witness stand. The substance of petitioner's contention is that both the petitioner and Mr. Lake would be able to testify more strongly against the voluntariness of the confessions and statements after having read Mr. Lake's comprehensive notes which were returned to him by the officers subsequent to the trial. Petitioner attributes his failure to testify more effectively, as to alleged threats and inducements used to procure his statements and confessions, to his having been upset preceding the trial, and that he did not recollect them.

These notes are attached as an exhibit to the petition. Parts of them, which defendant claims constituted inducements to the making of the later statements and confessions by petitioner, referred to his mother's being "on the cold steel", and that "I will haunt you as long as you are in the Army and Mr. Dinken will be on the outside * * *.", were included in the testimony of the defendant and Mr. Lake on the trial. Mr. Lake's comprehensive notes also show that immediately before the accused made a statement, while in Texas, that Captain O'Connell read to him extracts from Army Regulations which explained his right to make or not to make any statement, and the effect of such statement, if made. The statement made by defendant at the conclusion of his being questioned in Texas was not a confession, but rather a denial of guilt on his part. It was held in the opinion of this court on petitioner's appeal that the unsuccessful attempt to ob-

[1] 259 Ala. 401.

tain a confession from him in Texas did not render his subsequent confessions inadmissible. Fewell v. State, supra; McAdory v. State, 62 Ala. 154; Levison v. State, 54 Ala. 520.

"* * * the writ of error coram nobis does not lie to enable accused to question the merits of the case, hence does not lie to correct an issue of fact which has been adjudicated, even though wrongly determined.' * * *" Johnson v. Williams, 244 Ala. 391, 394, 395, 13 So.2d 683, 686; 24 C.J.S., Criminal Law, § 1606, page 149.

Petitioner cites in brief, People v. Long, 346 Ill. 646, 178 N.E. 918; and People v. Crooks, 326 Ill. 266, 157 N.E. 218, in support of his claim that the writ of error coram nobis will lie to correct some excusable mistake or ignorance of accused where without negligence on his part he has been deprived of a substantial defense which he could have used at his trial. With this assertion, we, in the instant case, do not have occasion to disagree, for the reason that in the present situation he does not seek to assert a defense of which he was deprived at his trial. He seeks to assert exactly the same defense by exactly the same witnesses, but says that their recollections have now been refreshed and they will make stouter witnesses on a second attempt. We do not feel that the interests of justice require that the petitioner should again be allowed to attack the voluntariness of his statements and his confessions, on the basis of the idea that he and his witness did not sufficiently remember on his trial, alleged threats and inducements asserted in the petition to have been made in Texas in order to procure the statements and confessions. In arriving at this conclusion we have carefully read the testimony of the defendant and of the witness Lake on the trial, as well as the comprehensive notes of Mr. Lake attached to the petition.

The petition, as a second proposition, alleges that one John Hamaker, who is now an inmate at Bryce Hospital, had confessed some time before the trial of petitioner that he, Hamaker, killed Phyllis Dean Carver, the person for whose murder, the petitioner was convicted. He further asserts that the fact of Hamaker's confession was concealed by the sheriff's office until after the trial of Fewell, the petitioner. Following the principle laid down in Ex parte Burns, 247 Ala. 98, 22 So.2d 517, that the supreme court takes judicial knowledge of its own records, we have compared the confession of Hamaker with the testimony of the State toxicologist, Dr. Brooks, on the trial of Fewell in regard to the condition of the victim's body and the location of the wounds thereon, and also in regard to the condition of the clothing worn by the victim. There is much disparity between them. We have also compared Hamaker's confession, made in Virginia, with a subsequent one made to Boley and Ray while in jail at Bessemer and attached to the petition in this cause, and there is further disparity between them. On this account, it is understandable and reasonable that the prosecuting officers should have proceeded with the prosecution against Fewell rather than against Hamaker. Hamaker's confession also involved two others as possible accomplices and two more as witnesses, who, we assume, were easily available to the sheriff's office in making a decision whether to prosecute Hamaker or not.

In the exercise of its discretion in matters of the character of this petition, this court looks to the reasonableness of the allegations of the petition and to the existence of the probability of the truth thereof. Ex parte Burns, supra; Johnson v. Williams, supra. Moreover, the mere existence of a confession of guilt by one other than the applicant for the writ of error coram nobis will not furnish a sufficient reason for its issuance. 24 C.J.S., Criminal Law, § 1606, page 150; Powers v. State, 168 Miss. 541, 151 So. 730; People v. Vernon, 9 Cal.App.2d 138, 49 P.2d 326; Sharpe v. Commonwealth, 284 Ky. 88, 143 S.W.2d 857. We would further take note of the fact that the petition discloses that defendant's counsel knew before the trial at least the bare fact that Hamaker had made a confession.

In addition to the two propositions already discussed, petitioner includes in his

petition statements signed by Myrtle Mitchell and Myrtis Mitchell in which certain details vary from the original testimony given by Myrtle Mitchell at the trial. It was stated in Ex parte Burns, supra [247 Ala. 98, 22 So.2d 519]: "* * * 'Those experienced in the administration of criminal law well know the untrustworthy character of recanting testimony.' * * *" However, these statements do not retract the material testimony of the witness Myrtle Mitchell on the trial, but only vary minor details. That part of it which corroborates the defendant's confession is repeated in the later statements of both witnesses which are attached to the petition. Further, Myrtle Mitchell was not the only witness who gave testimony on the trial which corroborated Fewell's confession. Billy Mitchell and Leroy Johnson also gave corroborating testimony, and substantially the same testimony as that given by Myrtle Mitchell.

This matter is submitted on motion of the Attorney General to dismiss the petition for leave to file a petition for writ of error coram nobis. Accordingly, we consider here the amended petition, the motion to dismiss, and the record in this court of the trial at which Fewell was convicted, as well as the opinion of this court in the case on appeal. In determining whether there is an adequate showing of substantiality of petitioner's claim that the facts alleged afford, prima facie, just ground for application to the circuit court, we look to the reasonableness of the allegations of the petition. Ex parte Burns, supra.

Before we may grant petitioner's request, we must, in the exercise of wise discretion, be reasonably satisfied that under the allegations of the petition in the light of the record in this court of the trial below that:

1. The solicitor's office or the sheriff's office, or both, in the suppression of evidence were guilty of such dominant fraud upon the trial court as to affect the judgment of that court and impair its inherent qualities of accuracy and fairness. Pike v. State, 103 Fla. 594, 139 So. 196; Stephens v. State, 36 Ala.App. 57, 52 So.2d 169; Keane v. State, 164 Md. 685, 166 A. 410.

2. Such facts were unknown to accused or his counsel at the time of his trial and could not have been known by the exercise of due diligence. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; Ex parte Gammon, 255 Ala. 502, 52 So.2d 369.

3. The attack on the judgment is meritorious. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; 24 C.J.S., Criminal Law, § 1606.

4. It is made clearly to appear that petitioner has a valid defense. Ex parte Taylor, 249 Ala. 667, 32 So.2d 659; 24 C.J.S., Criminal Law, § 1606.

In determining the foregoing, we must look to the reasonableness of the allegations and the existence of the probability of the truth thereof. Ex parte Burns, supra.

We are impressed with the fact that petitioner was represented throughout his trial and for some time before his trial, on appeal and in the presentation of this petition by able and diligent counsel who conferred with him and with the witness Lake on numerous and lengthy occasions concerning everything that was said and done to the defendant at all times from April 10, 1952, to the day of his trial.

In the light of the foregoing, it is our judgment that the matters of defense asserted in the petition either were or could have been by due diligence available to the defendant on the original trial, or would not now constitute a valid defense. Nor are we able to hold the solicitor or the sheriff of Jefferson County guilty of dominating fraud in the suppression of evidence. It is our conclusion that the petition, as a whole, does not make it appear that the proposed attack on the judgment is meritorious. For this reason, the motion of the state is granted and the petition is dismissed.

Petition dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.