137 So.2d 755

**Ex parte Jimmy ARGO.**

**6 Div. 839.**

Court of Appeals of Alabama.

Oct. 17, 1961.

Rehearing Denied Nov. 14; 1961.

Jimmy Argo, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

Jimmy Argo has filed a petition in this court for leave to petition the Circuit Court of Jefferson County for a Writ of Error Coram Nobis.

Argo has heretofore been convicted in the Circuit Court of Jefferson County of grand larceny, and of receiving stolen property, knowing the same to have been stolen, etc. From this judgment of guilt Argo appealed to this court, and the judgment was affirmed on May 31, 1960 without an opinion.

In his petition filed in this court Argo asserts (a) that he was forced into trial in the absence of competent legal counsel whom he had retained for his defense, (b) that he was refused continuance in order that he might procure the attendance of his retained counsel at commencement of trial, and (c) that the judgment of the court did not correctly show the facts in that it recites that when the case was called for trial on the 16th day of March 1960, at 9 A.M., the defendant's attorney not being present some 50 minutes thereafter the court appointed a duly licensed and practicing attorney of Jefferson County to represent the defendant and that thereafter trial was had on the 17th day of March 1960, and on that day at 2:20 P.M., the attorney theretofore retained by the petitioner appeared and

joined in the defense to the conclusion of the trial, whereas, the petitioner alleges that in truth and in fact the court did not appoint him an attorney until the 17th day of March 1960, and that he was put upon trial a few minutes thereafter, and that the petitioner talked to the court appointed attorney for only about five minutes prior to the beginning of the trial.

The Attorney General has filed a motion to dismiss this petition for leave to file a petition for Writ of Error Coram Nobis.

The motion to dismiss is well founded and will be granted.

It is to be noted that while the court appointed attorney represented the petitioner during his trial in the Circuit Court, the petitioner himself asserts that his retained counsel appeared after the trial had been in progress, and presumably participated in the defense from then to the conclusion of the proceedings.

Thereafter the appellant perfected his appeal to this court and the judgment of the Circuit Court was duly affirmed.

■ If this petitioner had just complaint in respect to the matters which he asserts as grounds in his present petition, his remedy was by a motion for a new trial on that ground. A denial of such a motion for a new trial was subject to review on appeal. Since a denial of a motion for a new trial is reviewable by appeal, the matters now set forth by this appellant, that is, that he was not granted a continuance in order to obtain the presence of the retained counsel, cannot be made the basis of a Writ of Error Coram Nobis.

■■ It is to be noted that the petitioner does not assert that his representation by the court appointed counsel, or by the court appointed counsel and his own retained counsel who put in a tardy appearance was inadequate. Even had the petitioner asserted inadequacy of counsel, such ground would have been insufficient for the issuance of the writ he now seeks. Ex

parte Gammon, 255 Ala. 502, 52 So.2d 369. Nor is his assertion that he was only allowed five minutes time to confer with his court appointed counsel any basis for the issuance of a writ in that, an assertion of insufficient time to prepare a defense is not an allowable basis for issuance of a Writ of Error Coram Nobis. Johnson v. Williams, 244 Ala. 391, 13 So.2d 683.

■ The petition filed in this court is also faulty in failing to assert that the petitioner has a valid defense, Ex parte Taylor, 249 Ala. 667, 32 So.2d 659, nor does it show any facts that would, if established in his favor, produce a result different from that which attained in his original trial. Ex parte Powell, 39 Ala.App. 423, 102 So.2d 923.

In our opinion there are other insufficiencies in the petition which would compel our denial thereof. However, in the interest of brevity we will not discuss these additional insufficiencies.

Petition dismissed.

On Rehearing

HARWOOD, Presiding Judge.

In his application for rehearing appellant complains that we "failed to rule on, or make mention of, confessions that petitioner sent to this honorable court, said statements stating that O. J. Stokes, and Howard Clonts, had committed the crime that petitioner is in prison for, and that petitioner did not take any part in, nor did he know anything about said crime."

The grounds on which petitioner sought a writ are as stated in our opinion, and the papers now referred to by appellant were not mentioned.

The petition was filed on 13 June 1961. Thereafter petitioner filed what is labeled "Traverse to motion to dismiss petition for leave to file petition of error coram nobis in trial Court."

In this document appellant states that he "has in his possession new evidence he did not have at the trial or at the time petition was filed.

"Petitioner has statements sworn to before a Notary Public from the two men that committed the crime that he is in prison for.

"(Attached hereto copies of same, marked exhibits E and F), petitioner will produce originals at the direction of this honorable court."

The exhibits E and F are purported statements of O. J. Stokes and Howard Clonts respectively.

The purported statement by Stokes is to the effect that "Howard Clonts and myself hijacked and stole a truck from Towns Express Co. Jimmy Argo was arrested and convicted of the crime and sentenced to serve six (6) years in prison on 18th day of March, 1960.

"I swear under oath that Jimmy Argo did not have anything to do with the stealing of the truck, nor did he know anything about it.

"O. J. Stokes" (written signature)

A purported statement from Howard Clonts is to the same effect.

Neither statement is sworn to before any officer authorized to administer oaths.

For this reason, if for no other, we would not be warranted in granting the relief prayed for by appellant. An unsworn statement should not furnish a basis for setting aside a judgment of record entered upon a verdict rendered by a jury on sworn testimony presumably sufficient to support the verdict. While the petition itself is sworn to, the exhibits are pure hearsay. Ex parte Williams, 268 Ala. 535, 108 So.2d 454.

Further, the mere existence of a confession of guilt by one other than the applicant for the writ of error coram nobis will not furnish a sufficient reason for its issuance. Ex parte Fewell, 261 Ala. 246, 73 So.2d 558.

Ordinarily we would not have written to this application for rehearing where it is obviously without merit. We have done so in this case because the appellant is proceeding pro se.

Application overruled.