This case comes to us upon a petition for writ of certiorari. Petitioner was convicted of first degree murder in the Circuit Court of Pike County. The conviction was affirmed by the Court of Criminal Appeals on June 28, 1977. On April 27, 1978, Petitioner filed a petition for writ of error coram nobis alleging, among other things, that one of the jurors at his murder trial was related to the murder victim by consanguinity within the proscribed ninth degree. § 12-16-150 (4), Ala. Code 1975. A hearing was had on the petition on October 4, 1978, at which time, prior to the taking of testimony, the court dismissed those portions of the petition alleging the improper juror. Appeal was taken to the Court of Criminal Appeals, which affirmed the lower court without an opinion. Upon denial of application for rehearing, a petition for writ of certiorari was filed with this Court.
We granted the writ to seek clarification of the disposition of the petition in the court below. The authority of this Court to review the Court of Criminal Appeals on a constitutional issue, even in a "no opinion" context, is well established.Loyd v. State, 279 Ala. 447, 186 So.2d 731 (1966). The statute proscribing certain degrees of relationship between the victim and the jurors is an implementation of the fair and impartial trial guarantee of Art. I, Sec. 6, of our State Constitution.
From our preliminary review of the petition, it was not clear whether the lower court's action was procedural or based upon the merits of Petitioner's allegations. Our review of the record discloses that Petitioner's allegations pertaining to an improper juror were dismissed by the trial Court as not being properly raised on a petition for coram nobis, resulting in a denial of Petitioner's "improper juror" claim on its merits. We reverse and remand.
The office of writ of error coram nobis, under Alabama law, is to bring to the attention of the court an error of fact, unknown to the court or the affected party at the time of trial, which had it been known, would have prevented the judgment challenged; indeed, the writ is in effect a motion for new trial on the ground of newly discovered evidence. Tillis v.State, 349 So.2d 95 (Ala.Cr.App. 1977), cert. den. Ex parteTillis, 349 So.2d 100 (Ala. 1977). As such, Petitioner's challenge to his conviction, based upon an offer of newly discovered evidence to show the existence of an improper juror at his murder trial, was properly raised by way of petition for writ of error coram nobis.
Therefore, we reverse and remand to the Court of Criminal Appeals for remand with instructions to the trial Court to grant a hearing on the merits of Petitioner's claim.
REVERSED AND REMANDED.
All the Justices concur.