Petitioner James Longmire seeks a new trial. The Court must consider whether to affirm the decision of the Court of Criminal Appeals, 443 So.2d 1263, or whether Longmire is entitled, by virtue of a writ of error coram nobis granted by the trial court, to a new trial of the charge against him, or, alternatively, an appeal. We recite the following facts of this case as presented by the Court of Criminal Appeals in its earlier decision.
"On June 11, 1979, the [petitioner] was convicted of robbery and sentenced to thirty years imprisonment. He failed to appeal his conviction, but on April 6, 1981, filed a petition for writ of error coram nobis contending that he was denied his right to appeal. His petition cited as authority Daniels v. Alabama,487 F.2d 887 (5th Cir. 1973), asking that the court discharge petitioner, grant him a new trial, or grant him an appeal.
"On May 5, 1981, by agreement of the prosecution and defense, the trial court purported to grant Longmire an appeal to [the Court of Criminal Appeals]. On May 20, 1981, counsel for appellant filed a motion in the trial court stating that the order of May 5 was not in compliance with [the] holding inGoolsby v. State, 374 So.2d 927 (Ala.Cr.App. 1978-1979), and moved the trial court to grant him a new trial under his petition for writ of error coram nobis."
The trial court set aside its order of May 5, denied a new trial, and ordered a further hearing on the petition. In its order of June 29, 1981, the court found as follows:
 "1. On June 11, 1979, defendant-petitioner was found guilty of robbery by a jury and was sentenced to 30 years in the penitentiary.
 "2. The defendant was aware at the time of sentencing that he had the right to appeal.
 "3. The defendant expressed to his court-appointed trial counsel immediately after trial his desire to appeal his conviction.
 "4. Edwina Averett, sister of the defendant, discussed his appeal with court-appointed counsel after his trial but never retained him for said appeal. *Page 1267 
 "5. Edwina Averett discussed the cost of preparing a trial transcript with the Court Reporter of this Court who served during trial but did not consummate an agreement.
 "6. Defendant was unaware that Counsel and transcript would be furnished by the Court upon a finding of indigency.
 "7. Formal notice of appeal was not taken by defendant within the time prescribed by law.
 "8. A determination of indigency of defendant was made by the Court on April 30, 1979, prior to trial of June 11, 1979.
 "9. Petitioner, through no fault of his own, failed to perfect a timely appeal from his conviction."
The order of the court was entered as follows:
 "1. The Petition for Writ of Error Coram Nobis is due to be granted because petitioner, through no fault of his own, failed to perfect his appeal within the time prescribed by law.
 "2. A complete transcript of the original trial proceedings shall be made and the same timely filed in the Court of Criminal Appeals of Alabama in accordance with the Alabama Rules of Appellate Procedure (Baldwin v. State, 342 So.2d 939)."
On appeal to the Court of Criminal Appeals, both parties briefed the merits; the State did not move to dismiss the appeal. In dismissing the appeal, the Court of Criminal Appeals concluded by holding:
 "The trial court may only grant a new trial on the instant petition for writ of coram nobis or deny the writ. Likewise, the appellant cannot appeal a favorable ruling granting his petition. We find the petition was granted, but the relief granted was inappropriate. For all the reasons stated hereinabove, we find no authority to entertain an appeal in this case.
"APPEAL DISMISSED.
"All the Judges concur."
This Court has traditionally ruled that "[a] writ of error coram nobis issues for correction of a judgment entered in ignorance of certain matters of fact which, if they had been known to the court rendering the judgment, would not have been entered. Cauley v. State, 34 Ala. App. 111, 37 So.2d 153." Exparte Rudolph, 276 Ala. 392, 393, 162 So.2d 486 (1964). In Exparte Vaughn, 395 So.2d 95 (Ala. 1979), the Court further indicated the purpose served by this extraordinary writ as follows:
 "The office of writ of error coram nobis, under Alabama law, is to bring to the attention of the court an error of fact, unknown to the court or the affected party at the time of trial, which had it been known, would have prevented the judgment challenged; indeed, the writ is in effect a motion for new trial on the ground of newly discovered evidence. Tillis v. State, 349 So.2d 95
(Ala.Cr.App. 1977), cert. den. Ex parte Tillis, 349 So.2d 100 (Ala. 1977). . . ."
Id. at 96. This is consistent with the generally recognized reason for a court to grant a writ of error coram nobis. Seegenerally 18 Am.Jur.2d Coram Nobis §§ 2, 3 (1965).
While the Court has emphasized that this writ is not intended to provide appellate review where the complaining party has not sought an appeal and the time to appeal has long since expired,Thomas v. State, 280 Ala. 109, 110, 190 So.2d 542 (1966), the trial court's findings with regard to Longmire's petition for writ of error coram nobis is cause for this Court to re-examine its traditional application in this instance.
An appeal is deemed "perfected" if the defendant, upon rendition of judgment, expresses a desire to appeal. Ex parteLoyd, 275 Ala. 416, 421, 155 So.2d 519 (1963); See also Goolsbyv. State, 374 So.2d 927, 929 (Ala.Cr.App. 1978). Rule 3 (a)(2) of the Alabama Rules of Appellate Procedure provides that notice of appeal may be made in either of the following two ways: *Page 1268 
 "In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken either by filing an oral notice of appeal at the time of sentencing which shall be entered of record or by filing a written notice of appeal with the clerk of the trial court, within the time allowed by Rule 4. The clerk of the trial court shall serve copies of the notice of appeal on persons and parties as provided by (d)(2) of this rule."
The findings made by the trial court indicate that although petitioner expressed his desire to appeal to his attorney, through no fault of his own, an appeal was never entered on his behalf. The use of a writ of error coram nobis to challenge the inadequacy of legal counsel where there would otherwise be no remedy has been previously recognized by the Court of Criminal Appeals, to-wit:
 "Challenges based on the inadequacy of counsel constitute grounds for coram nobis, Browning v. State, 57 Ala. App. 217, 326 So.2d 778 (1975), cert. denied, 295 Ala. 392, 326 So.2d 783 (1976), despite earlier indications to the contrary. Ex parte Argo, 41 Ala. App. [442] at 444, 137 So.2d 755; Ex parte Gammon, 255 Ala. 502, 505, 52 So.2d 369 (1961). However counsel is presumed adequate, Willis v. State, 42 Ala. App. 85, 90, 152 So.2d 883 (1963), and the fact that the petitioner was convicted does not prove that counsel lacked zeal or competence, Butler v. State, 279 Ala. 311, 313, 184 So.2d 823 (1966), Echols v. State, 276 Ala. 489, 491, 164 So.2d 486
(1964), particularly when counsel has been retained rather than appointed. Ex parte Gammon, 255 Ala. at 505, 52 So.2d 369; Houston v. State, 332 So.2d 408, 409 (Ala.Cr.App. 1976)."
Summers v. State, 366 So.2d 336, 341 (Ala.Cr.App. 1978). Irrespective of the fact that petitioner was not apprised that he, as an indigent, was entitled to a free trial transcript and appointed counsel for purposes of an appeal, there was a showing that he was aware that he could appeal his conviction and that he expressed his desire to appeal to hiscourt-appointed attorney. See Heflin v. State, 278 Ala. 106,108, 176 So.2d 37 (1965).
In reviewing several Alabama cases, the Fifth Circuit Court of Appeals has made the following pronouncements which we believe apply to the circumstances of this case.
In Horsley v. Simpson, 400 F.2d 708 (1968), the Fifth Circuit stated:
 "There can be no question that an indigent who manifests a desire to appeal his conviction is entitled to the services of a court-appointed attorney. In Anders v. State of California
[386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)], the Supreme Court held that, if counsel determines that an appeal would be wholly frivolous, he should notify the appellate court and request to withdraw. The request must be accompanied by a brief referring to any legal points arguable on appeal and the appellate court, not counsel, must then examine the record to decide whether the case is devoid of merit. It is true that in Worts v. Dutton [395 F.2d 341 (5th Cir. 1968)] we held that where appointed counsel unequivocally refuses to handle the appeal and makes this decision clear to his indigent client, if the client does not thereafter indicate to some responsible state official that he wishes to appeal or to have counsel on appeal, there has been no denial of his constitutional right to a direct appeal. We are of the opinion, however, that there are material factual differences between Worts and the instant case which compel our conclusion that Appellant was denied his right to a direct appeal.
 ". . . Secondly, it is abundantly clear from the record that Appellant continuously evidenced a desire for appellate review of his conviction. The record shows that, after his conviction, Appellant wanted his counsel to appeal and that approximately three months after conviction within the time for filing an appeal in the state of Alabama, Appellant inquired of the Clerk of the Court of Appeals about the status of his appeal. We think that this communication to the *Page 1269 
Clerk constitutes a sufficient showing that some responsible state official had knowledge of Appellant's desire to appeal." (Citations omitted.)
Id. at 711-712. Five years later in Daniels v. Alabama,487 F.2d 887 (1973), the Fifth Circuit remarked:
 "Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, established the principle that convicted indigents have a constitutional right to representation on appeal. In applying the Douglas
standard, this Court has developed two distinct approaches, one for cases in which the defendant has himself retained trial counsel, and another for controversies where the defendant is represented by a court-appointed attorney. Goforth v. Dutton, 5 Cir. 1969, 409 F.2d 651, 653. The differing standards are well set out in Gregory v. United States, 5 Cir. 1971, 446 F.2d 498, 499-500:
 "`If the trial attorney was retained it must be known to the court or some other responsible state official that the defendant was indigent and that he desired to appeal. Beto v. Martin, 5 Cir. 1968, 396 F.2d 432. However, when the defendant is represented by court-appointed counsel a different standard applies, Goforth v. Dutton, supra, and the focus of the inquiry is not on what the defendant made known to the state, but on what the state, acting through court-appointed counsel, revealed to the defendant. Accordingly, we have held that representation is inadequate and the right of appeal is denied where appointed counsel fails to fully inform the client of his appellate rights. Byrd v. Smith, 5 Cir. 1969, 407 F.2d 363.'
 "Here, Daniels' court-appointed trial counsel testified in the state coram nobis hearing that the last time he had discussed Daniels' case with him was at trial, and that he did not recall having advised Daniels of his right to appeal and his right to appellate counsel. The record reveals that Daniels was not advised by the court or from any source that he had these rights, guaranteed to him by the Sixth and Fourteenth Amendments. Rought v. Henderson, 5 Cir. 1971, 445 F.2d 622; Andry v. Henderson, 5 Cir. 1970, 429 F.2d 26; Wainwright v. Simpson, 5 Cir. 1966, 360 F.2d 307. Daniels is therefore entitled to have his writ granted, subject to the state's retrying him, or granting him an out-of-time appeal."
Id. at 888. See Malone v. Alabama, 514 F.2d 77, 79-80 (5th Cir. 1975).
The Court of Criminal Appeals has held on past occasions that the notion of an out-of-time appeal does not exist in this state, Goolsby v. State, supra, at 928; Accord, Ex parte Statev. Kebe, 399 So.2d 348 (Ala. 1981), and we do not attempt here to embrace such a concept; but, in an effort to assure that both justice and fairness prevail, the Court believes that the circumstances of this case warrant our granting the petitioner an appeal of his conviction. Although counsel for the defendant argues that the only remedy is a new trial where, as in this case, a writ of error coram nobis is involved, we conclude otherwise. The findings of the trial court are that the defendant desired an appeal of his conviction and informed his appointed counsel of his desire to appeal. Through no fault of his own, however, an appeal was never perfected and the time for petitioner's appeal lapsed. Since these are not newlydiscovered facts which would alter the judgment, thereby necessitating a new trial, coram nobis was inappropriate. Nevertheless, Longmire, based upon findings made by the trial court after judgment and after the time for appeal of that judgment had expired, made a sufficient showing under the doctrine of Daniels, to entitle him to an appeal; therefore, we reverse the Court of Criminal Appeals and remand this case to that court for a review consistent with this holding.[1]
REVERSED AND REMANDED. *Page 1270 
FAULKNER and JONES, JJ., concur.
TORBERT, C.J., and ADAMS, J., concur in the result.
ALMON, SHORES, EMBRY and BEATTY, JJ., dissent.
[1] Proposed Rule of Criminal Procedure 32.1 (f) provides for relief after judgment in criminal cases similar to that available in civil cases under Rule 60 (b), ARCP. Rule 32.1 (f) provides that a person who has been convicted of a criminal offense may file a petition in the court of original conviction to secure appropriate relief on the ground that failure to appeal within the prescribed time was without fault on the petitioner's part. The comment to this section reads in part:
 "Section (f) includes the situation in which the defendant fails to appeal because the trial court despite the requirements of 26.11, did not advise the defendant of his appeal rights, and the situation in which the defendant intended to appeal and believed timely appeal had been filed by his attorney when in reality it had not."