This is an appeal from the denial of a petition for writ of error coram nobis. Howton's underlying conviction for assault with intent to rape was affirmed by this Court in Howton v.State, 391 So.2d 147 (Ala.Cr.App. 1980). His petition is based upon the recanted confession of George Arthur Brumfield.
In November of 1981, a hearing was held on the merits of the petition. Brumfield, who was serving a sentence of 385 years' imprisonment for various offenses, testified that he was in fact guilty of the assault for which Howton had been convicted. Judge James C. Brotherton granted the petition and ordered a new trial on the basis that "testimony taken from Mr. Brumfield would present a reasonable doubt to any jury's mind."
Sometime later Brumfield repudiated his confession. Based on this recantation, the State filed a motion to recall and vacate the order granting the petition. A hearing was held on this motion in January of 1982. Brumfield claimed the Fifth Amendment and refused to answer "any and all questions." This hearing was continued until February of 1982 at which time Brumfield elected to testify. Brumfield then admitted that he had nothing to do with the assault and that some of his testimony had been a "complete lie". He stated that he was "connected with the underworld" and had "messed up". He was given "one last chance" and was "doing a favor for the underworld" by confessing to the crime for which Howton had been convicted. In March of 1982, Judge Carlton F. Mayhall, Jr. granted the State's motion and "recalled and vacated, set aside and held for naught" the previous order granting the petition.
 I
Even though Judge Mayhall did not hear or read Brumfield's original testimony upon which Judge Brotherton had granted a new trial, the petition was properly denied. Brumfield's testimony was the only evidence linking him to the assault. Since Judge Mayhall heard Brumfield state that his testimony at the first hearing was a lie and give a detailed account of how he had obtained the information necessary to fabricate that lie, Judge Mayhall had no reason or cause to review the prior testimony. Such a review would simply serve no useful purpose.
 II
Howton argues that the weight of the evidence, when viewed in the cumulative testimony of all three hearings, is clear and convincing that Brumfield and not Howton committed the assault. We strongly disagree.
Howton did not even come near establishing his right to relief by clear, full and satisfactory proof. The degree of proof is
 "highly exacting as to facts `and always means more than reasonably satisfying'. . . . The petitioner must convince the trial judge of the truth of his allegation and the judge must `believe' the testimony. . . . The petitioner on coram nobis is also confronted with the burden of rebutting the presumptions, among others, of the correctness of the judgment of the trial court, . . . and the truthfulness of the testimony of the witnesses for the prosecution. . . ." Summers v. State, 366 So.2d 336, 343 (Ala.Cr.App. 1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala. 1979).
"`(T)he well established principle (is) that to be entitled to the writ (of error coram nobis) the petitioner must aver andprove that he was innocent of the crimes of which he stands convicted.'" Seibert v. State, 343 So.2d 788, 790 (Ala. 1977), quoting with approval Upshaw v. State, 50 Ala. App. 172,277 So.2d 917, cert. denied, 291 Ala. 800, 277 So.2d 919 (1973).
"(T)he mere existence of a confession of guilt by one other than the applicant for the writ of error coram nobis will not furnish a sufficient reason for its issuance." Ex parte Fewell,261 Ala. 246, 250, 73 So.2d 558 (1954); Ex parte Reliford,37 Ala. App. 697, 698, 75 So.2d 90 (1954); Robinson v. *Page 550 State, 419 So.2d 283, 285 (Ala.Cr.App. 1982); Pitts v. State,360 So.2d 736, 739 (Ala.Cr.App. 1978); Ex parte Argo,41 Ala. App. 442, 445, 137 So.2d 755 (1961).
 III
Howton also argues that "(t)he testimony of George A. Brumfield in the form of a confession and the subsequent representation denying same should have been facts reviewed by a jury at a new trial."
Once the only witness who could support Howton's claim of innocence testified that his prior testimony was a lie, there was simply no basis for a new trial. Howton had failed to carry his burden of proving his allegations. Even where conflicting evidence is presented at a hearing on a petition for writ of error coram nobis, the trial judge must "believe" the evidence offered by the petitioner before he will be justified in granting relief. Seibert v. State, 343 So.2d 788, 790 (Ala. 1977).
The writ of error coram nobis has the effect of "a motion for a new trial on the ground of newly discovered evidence." Grocev. State, 48 Ala. App. 709, 711, 267 So.2d 499 (1972).
 "Although a new trial may be granted on grounds of newly discovered evidence which tends to prove that the crime for which the accused has been convicted was actually committed by another, the awarding of a new trial `rests in the sound discretion of the trial judge, and depends largely on the credibility of the new evidence.' Prince v. State, Ala.Cr.App., 356 So.2d 750, and the cases cited therein." Robinson v. State, 389 So.2d 144, 149 (Ala.Cr.App.), cert. denied, 389 So.2d 151 (Ala. 1980).
Three additional contentions of error raised by Howton are without merit and have been fully answered by the Attorney General in brief. We see no need to further extend this opinion.
The judgment of the circuit court denying the petition for writ of error coram nobis is affirmed.
AFFIRMED.
All Judges concur.