**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Henry Lawrence PINC, Defendant-**
**Appellant.**

**No. 71–1109**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 9, 1971.

Alan E. Weinstein, Miami Beach, Fla. (Court-appointed), for defendant-appellant.

---

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Arthur W. Tifford, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

Defendant Pinc appeals from his conviction and four-year sentence on an indictment charging him with Interstate Transportation of a Stolen Motor Vehicle in violation of Title 18, U.S.C.A., Section 2312.

On August 26, 1970, Pinc was individually arraigned on the original indictment. An attorney was at that time appointed to represent him. On September 2, 1970, Pinc and his wife Joleen Pinc were arraigned on a superseding indictment charging them with the same crime.

Pinc's appointed counsel expressed a willingness to represent both defendants at that time provided they were in accord with such joint representation. Counsel understood that one of the defendants planned to enter a guilty plea and testify on behalf of his spouse. Neither defendant objected to this form of representation; and, after agreement by the government, the trial judge appointed counsel to defend both parties.

On November 24, 1970, during a motion to suppress hearing, it became apparent to counsel that both defendants had given statements to the FBI admitting their personal complicity in the crime but disavowing any involvement by the other spouse. This, coupled with his decision to plead both defendants not guilty, produced an irreconcilable conflict of interests. Counsel informed the court of such conflict just prior to trial but the court chose to require him to proceed to trial representing both defendants.

During the trial, FBI Agent Durand introduced Mrs. Pinc's statement wherein she admitted the theft but denied defendant's complicity. When Durand was tendered to the defense for cross-examination, counsel asserted that he would be unable to cross-examine without prejudicing one or both of his clients. He therefore requested that the court sever the defendants' cases. Alleging the severance would not solve all his ethical problems, counsel further moved the court to declare a mistrial or allow him to withdraw as attorney in the cause. The court chose to sever the case against Mrs. Pinc but required counsel to proceed with the trial of defendant. The court then granted the government's motion to withdraw the testimony of Agent Durand because it was not relevant to the government's case against defendant. Counsel then called Durand to the stand as a defense witness, eliciting the details of Mrs. Pinc's confession wherein she denied defendant's involvement in the crime.

Defendant on appeal contends that he was denied effective counsel in violation of the sixth amendment. This contention rests on the assertion that his attorney, because of the prior representation of Mrs. Pinc and the conflict between the two defendants' interests, was ethically prevented from effectively cross-examining Agent Durand and calling Mrs. Pinc to the stand as a defense witness.

 The sixth amendment to the Constitution guarantees assistance of counsel to all criminal defendants. The appointment of a single attorney to represent co-defendants is not, however, without more, a denial of this right. Gardner v. Wainwright, 5th Cir. 1970, 433 F.2d 137. A defendant, in order to successfully object to joint representation must show some prejudice arising therefrom. Baker v. Wainwright, 5th Cir. 1970, 422 F.2d 145.

Recent case law interpreting the sixth amendment right to effective assistance of counsel to include the appointment of separate counsel is based on Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457,

86 L.Ed. 680 (1942), wherein the Supreme Court held:

> The "Assistance of Counsel" guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests.

315 U.S. at 70, 62 S.Ct. at 465.

The government, recognizing this principle, nevertheless contends that no prejudicial conflict appears in the instant case analogous to that found in *Glasser*.

■ Defendant first claims that he was prejudiced by his attorney's inability to cross-examine Agent Durand. Durand testified as to Mrs. Pinc's confession, wherein she admitted taking the automobile in question. His testimony in no way implicated Mr. Pinc; indeed, it tended to exonerate him from all blame. Any conflict or prejudice here was cured when the trial judge severed Mrs. Pinc from the trial. After severance, there was no longer any necessity to cross-examine Durand because his testimony fully conformed to defendant's theory of the case. In fact, after the trial judge struck the testimony from the record for reasons previously indicated, defense counsel himself introduced the witness for the defense.

More serious implications arise from defense counsel's inability to call Mrs. Pinc to testify for the defense. Counsel contends that, because of his prior representation of Mrs. Pinc and his receipt of certain confidential disclosures from her during such period of representation, he was ethically precluded from questioning her.

The government objects to this contention on two bases. First, any prejudice was cured by the introduction of Mrs. Pinc's prior confession through the testimony of Agent Durand. Secondly, the content of any testimony she might have given is purely speculative.

■ We do not see how the prejudice could have been cured by Durand's testimony. His testimony constituted hearsay evidence only. There is some indication in the record that the district court considered the fact that Mrs. Pinc was not under oath when she made the statement, and the court admitted the Agent's testimony and Mrs. Pinc's statement only "for what it is worth." We have no doubt that Mrs. Pinc's affirmance of her previous confession under oath at trial would have significantly added to Mr. Pinc's defense in this cause. Prejudice thus flowed from defense counsel's inability to elicit such an affirmance.

Assuming Mrs. Pinc had been called to the stand and assuming she had elected to testify nevertheless leaves unanswered what she would have said. We assume, without deciding, that had there been no indication of what the witness would testify to and had counsel been free to make an offer of proof, such allegation of prejudice would fail. United States v. Lovano, 2d Cir. 1970, 420 F.2d 769, cert. denied, 397 U.S. 1071, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970).

In the instant case, however, the prior confession of Mrs. Pinc gives some indication of what she would have stated had she been given the opportunity. Moreover, counsel in the instant case was ethically precluded from making an offer of proof because of his continuing ethical obligation to Mrs. Pinc. Under such circumstances, we cannot find that prejudice did not result from counsel's inability to question his former client.

Counsel's failure to call Mrs. Pinc was clearly a direct result of the district court's denial of counsel's motion to withdraw in the face of an obvious conflict of interests. Although the record leaves no doubt as to the trial court's concern for the defendant's rights in this regard, his refusal to allow counsel to withdraw is no less a denial of effective counsel in violation of defendant's sixth amendment rights.

Accordingly, the judgment of conviction will be reversed and the cause remanded for a new trial.