**Nathaniel DANIELS, Petitioner-Appellee,**

v.

**STATE OF ALABAMA, Respondent-Appellant.**

No. 73-2445

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1973.

William J. Baxley, Atty. Gen., Donald G. Valeska II, Walter S. Turner, Montgomery, Ala., for respondent-appellant.

Nathaniel Daniels, pro se.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

The State of Alabama here appeals from an order of the district court granting the habeas corpus petition of Nathaniel Daniels, subject to the right of the State to retry him within six months, unless Alabama provides him with "effective out-of-time appellate consideration of his conviction and sentence". Daniels is currently serving a

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409. Part I

twenty-five-year sentence for second degree murder. The district court, adopting the report and recommendation of the United States Magistrate, with the benefit of a transcript of the evidentiary hearing before the Magistrate, held that the petitioner was denied his right to counsel on appeal and his right to a direct appeal from his murder conviction. We affirm.

The petitioner-appellee was arrested in October 1970 for the murder of his wife. He was indicted March 16, 1971, on a charge of first degree murder, and counsel was appointed three days later. Daniels entered a plea of not guilty, and was tried and found guilty of second degree murder on March 29, 1971. On July 6, 1971, Daniels filed a petition for a Writ of Error Coram Nobis in the Circuit Court of Greene County, upon which a hearing was had on November 9, 1971. The petition raised a number of allegations, including an assertion that he had been denied his right to an appeal and his right to counsel to prepare an appeal, because his appointed trial counsel failed to inform him of these rights. The court denied post-conviction relief, on the ground that he had submitted his coram nobis petition before his time to appeal had elapsed, and that he therefore knew that he had a right to appeal within the prescribed period. The Alabama Court of Criminal Appeals affirmed the denial of coram nobis relief. Daniels then sought habeas corpus relief in the federal courts.

Douglas v. California, 1963, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, established the principle that convicted indigents have a constitutional right to representation on appeal. In applying the Douglas standard, this Court has developed two distinct approaches, one for cases in which the defendant has himself retained trial counsel, and another for controversies where the defendant is represented by a court-appointed attorney. Goforth v. Dutton, 5 Cir. 1969, 409 F.2d 651, 653. The differing standards are well set out in Gregory v. United States, 5 Cir. 1971, 446 F.2d 498, 499–500:

> If the trial attorney was retained it must be known to the court or some other responsible state official that the defendant was indigent and that he desired to appeal. Beto v. Martin, 5 Cir. 1968, 396 F.2d 432. However, when the defendant is represented by court-appointed counsel a different standard applies, Goforth v. Dutton, supra, and the focus of the inquiry is not on what the defendant made known to the state, but on what the state, acting through court-appointed counsel, revealed to the defendant. Accordingly, we have held that representation is inadequate and the right of appeal is denied where appointed counsel fails to fully inform the client of his appellate rights. Byrd v. Smith, 5 Cir. 1969, 407 F.2d 363.

Here, Daniels' court-appointed trial counsel testified in the state coram nobis hearing that the last time he had discussed Daniels' case with him was at trial, and that he did not recall having advised Daniels of his right to appeal and his right to appellate counsel. The record reveals that Daniels was not advised by the court or from any source that he had these rights, guaranteed to him by the Sixth and Fourteenth Amendments. Rought v. Henderson, 5 Cir. 1971, 445 F.2d 622; Andry v. Henderson, 5 Cir. 1970, 429 F.2d 26; Wainwright v. Simpson, 5 Cir. 1966, 360 F.2d 307. Daniels is therefore entitled to have his writ granted, subject to the state's retrying him, or granting him an out-of-time appeal.

The order appealed from is affirmed.