**Henry C. HAGGARD, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 73-3822

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 3, 1974.

Rehearing and Rehearing En Banc
Denied July 23, 1974.

---

1. Cf. Sampson v. Murray, 1974, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166; Arnett v. Kennedy, 1974, —— U.S. ——, 94 S.Ct. 1633, 40 L.Ed.2d 15.

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Henry C. Haggard, pro se.

William J. Baxley, Atty. Gen., Otis J. Goodwyn, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

For more than five years, Henry Haggard has unsuccessfully challenged the validity of his Alabama State conviction for robbery in both the courts of Alabama and the courts of the United States. His collateral attack upon his conviction now comes under the consideration of this Court on appeal from the district court's denial of his second petition for federal habeas corpus relief. Because the records and pleadings of the prior proceedings are in an incomprehensible state, we are unable to make an informed decision on the merits of Haggard's appeal. We therefore vacate the district court's judgment, and remand the cause for further proceedings, as well as clarification of the appellant's contentions and other relevant issues.

Beginning five months after his conviction, the appellant filed three separate pro se petitions in his trial court for writ of error coram nobis. He was granted an evidentiary hearing on the first,[1] and the other two were summarily denied as successive petitions. His appeal to the Alabama Court of Criminal Appeals was affirmed on June 23, 1970, without opinion.

One month after the appellate court's affirmance, Haggard began his first trek through the federal court system. His federal habeas corpus petition filed in the court below was dismissed without prejudice for failure to exhaust state remedies, on the basis of a misrepresentation made by the respondent that Haggard's appeal was still pending in the Court of Criminal Appeals. Upon discovery of the error, this Court granted his application for certificate of probable cause and leave to appeal in forma pauperis, summarily remanding the case for consideration on the merits. Haggard v. Alabama, 5th Cir. 1971, 439 F.2d 260.

Despite the fact that the appellant's trial court never entered specific findings as to several of his federal habeas grounds, the district court denied relief based upon its finding that all factual

---

1. Counsel was appointed to present the appellant for the hearing; however, counsel never attempted to amend the *pro se* coram nobis petition, which appears to be, at the very least, an inarticulate, disorganized pleading. It should also be noted that some two years after the hearing, the same attorney was appointed to represent the appellant on his appeal to the Court of Criminal Appeals, but failed to file a brief on his client's behalf.

issues presented had been determined adversely to him during the state court proceedings, and that the record fully supported that court's conclusion that he was not entitled to relief. No appeal was taken from this ruling. Two years later, however, the appellant filed a second federal habeas petition presenting new allegations, which he claimed had been raised in yet a fourth coram nobis petition, denied by both his trial court and the Court of Criminal Appeals, and reasserting several contentions set forth in his prior petition.

As to the latter petition, the court below concluded that the new allegations were not of constitutional dimension and that the other alleged defects with repect to his conviction had been previously rejected by the court. It is from this ruling that Haggard has appealed.

■ In each of the collateral petitions the contentions and allegations have been presented in a manner which can only be considered unintelligible and incoherent. In view of the liberal construction which must be accorded pro se habeas petitions, West v. Louisiana, 5th Cir. 1973, 478 F.2d 1026, 1030–1031, we find that Haggard's pleadings at least indicate that he may be entitled to the relief he seeks, but that he is unable to articulate and prepare his cause.

■ Therefore, in the interest of justice, we are compelled to remand this cause to the district court so that Haggard may be given the opportunity to thoroughly present his grievances. On remand, we direct the district court to appoint counsel to aid the appellant in the preparation of a comprehensive amended pleading in order that all of his habeas grounds can be finally decided on the basis of sufficient pleadings and records. Fryer v. MacDougall, 5th Cir. 1972, 462 F.2d 1093.

Accordingly, the judgment denying habeas corpus relief is vacated, and the cause remanded.