**Henry C. HAGGARD,
Petitioner-Appellant,**

v.

**STATE OF ALABAMA,
Respondent-Appellee.**

No. 75–2581.

United States Court of Appeals,
Fifth Circuit.

April 14, 1977.

Rehearing and Rehearing En Banc
Denied June 3, 1977.

Ralph I. Knowles, Jr., University, Ala. (Court-appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., C. Lawson Little, G. Daniel Evans, Asst. Attys. Gen., Montgomery, Ala., for respondent-appellee.

Before COLEMAN, RONEY and TJOFLAT, Circuit Judges.

RONEY, Circuit Judge:

Henry Haggard seeks a reversal of the district court's denial of his petition for writ of habeas corpus, 28 U.S.C.A. § 2254.

In 1968 an Alabama state court jury convicted Haggard on an armed robbery charge. The robbery victims were an elderly black couple, one of whom had known Haggard since the day he was born, the other for twenty-five years. At trial both victims identified Haggard as one of the robbers.

Haggard was sentenced to thirty years imprisonment. He took no appeal, but five months later filed a *pro se coram nobis* petition which the court denied after a hearing. On appeal the denial was affirmed. Several other *coram nobis* petitions were filed during the next few years. All were summarily dismissed on the basis of the first petition. Haggard then filed a petition for writ of habeas corpus in federal district court, which was dismissed on the merits without an evidentiary hearing. On appeal this Court vacated judgment and remanded with instructions to appoint counsel to aid the petitioner. *Haggard v. Alabama*, 494 F.2d 1187 (5th Cir. 1974).

In his federal habeas corpus petition Haggard challenges (1) the constitutionality of the selection of the grand and petit juries, (2) the fairness of his trial, at which he allegedly was tried in prison garb and seen handcuffed by the jury, and (3) the effectiveness of assistance rendered by his appointed counsel. After an evidentiary hearing, the district court denied habeas corpus relief. Applying the doctrines of waiver, failure to show actual prejudice, harmless error and deference to the factual findings of the district court, we affirm.

■ *Jury Selection.* Petitioner now objects to the low percentage of women and blacks on the panels of the grand and petit juries. His trial counsel, however, did not challenge the composition of those juries before trial as required by Alabama law. Ala.Code tit. 15, § 278 (1959). Absent a showing of actual prejudice, this failure precludes petitioner from raising the matter in a federal habeas corpus action. *Francis v. Henderson*, 425 U.S. 536, 542, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), *aff'g Newman v. Henderson*, 496 F.2d 896, 899 (5th Cir. 1974). Haggard has not shown actual prejudice. Petitioner's trial counsel appears to have made a strategic decision to minimize the number of blacks on the petit jury. The alleged victims were respected members of the black community, and one was a woman who testified the petitioner bound and gagged her. The absence of blacks and women from the jury may have been seen to be advantageous.

■ *Fair Trial.* Haggard alleges he was denied the due process of a fair trial because he was tried in prison garb and handcuffs. The district court, on the basis of conflicting testimony, decided Haggard was not tried in prison clothes. That finding is not clearly erroneous. The district court found inconclusive the evidence that the jury saw Haggard in handcuffs. Haggard had the burden to prove this fact on a habeas corpus petition. Possibility of prej-

udice is not sufficient. *Mallonee v. Lanier*, 354 F.2d 940 (5th Cir. 1966). Furthermore, Haggard has not made the showing, essential to his due process claim, that the state compelled him over his actual objection, to wear handcuffs before the jury. *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Willeford v. Estelle*, 538 F.2d 1194 (5th Cir. 1976).

*Effective Assistance of Counsel.* Haggard alleges that his attorney's conflict of interests, failure to subpoena essential witnesses, and failure to inform him of his right to appeal denied him effective assistance of counsel. As his trial defense Haggard contended that although he was present with two co-defendants, the Hannons, when the robbery took place, he did not actively participate.

At their 1966 trial, the Hannons presented the alibi that they were not at the scene of the robbery. They were nevertheless convicted and sentenced to twenty-year terms.

The same attorney who represented the Hannons also represented Haggard when he was tried, after extradition, two years later. Haggard alleges the joint representation deprived him of key testimony in his behalf. His attorney allegedly was, for ethical reasons, unable to put the Hannons on the stand because if their evidence had been favorable to Haggard, it would have perjured the testimony given at their own trial.

This Court has interpreted the Sixth Amendment to require "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961) (emphasis in original). The mere fact that an attorney represents multiple defendants does not establish ineffective assistance. Actual prejudice must be shown. *United States v. Wayman*, 510 F.2d 1020, 1025 (5th Cir.), *cert. denied sub nom. United States v. Moore*, 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975).

In this case, Haggard has failed to prove prejudice. The evidence does not support his allegation that his attorney refused to call the Hannons because of an ethical conflict with his position in litigation two years before. Tactical considerations may well have been paramount. The proposition that the Hannons would have testified for Haggard is entirely speculative. It runs contrary to their prior testimony under oath. *Compare United States v. Lovano*, 420 F.2d 769, 774 (2d Cir.), *cert. denied*, 397 U.S. 1071, 90 S.Ct. 1515, 25 L.Ed.2d 694 (1970), *with United States v. Pinc*, 452 F.2d 507, 509 (5th Cir. 1971). Even if the Hannons had testified, their version of events could have been effectively impeached by use of statements from their prior trial. In this context, the theoretical conflict did not render the attorney's assistance unconstitutionally ineffective. *United States v. Fannon*, 491 F.2d 129, 132 (5th Cir.), *cert. denied*, 419 U.S. 1012, 95 S.Ct. 332, 42 L.Ed.2d 286 (1974).

The transcript of Haggard's state trial reveals a positive identification by the two victims of Haggard as an active participant in the robbery. The district court found the evidence at the state trial "overwhelmingly established" his guilt. Haggard took the stand against the advice of counsel. The state trial judge was aware of the dual representation but, nevertheless, testified that in his opinion the attorney did everything he could for Haggard and that his representation was good.

The evidence does not support Haggard's contention that he was denied effective assistance because his attorney failed to subpoena other key witnesses, in addition to the Hannons. Trial counsel testified that he did not discover any witnesses in the preparation of his case that would aid in the defense, and that Haggard never requested him to subpoena any witnesses. In the state *coram nobis* hearing, Haggard changed his defense and said he was not even present but was in Chicago at the time of the robbery. While such a defense, if asserted before trial, might have called for the use of appropriate witnesses, Hag-

gard's attorney testified at the same proceeding that Haggard never previously claimed to have been in Chicago and had always admitted his guilt. The district court did not commit clear error in deciding Haggard failed to prove his attorney did not call "necessary and proper" witnesses.

Finally, on the facts of this case, Haggard was not denied effective assistance because his attorney failed to inform him of his right to appeal. An indigent accused has a right to be told of his opportunity to appeal. *Daniels v. Alabama*, 487 F.2d 887 (5th Cir. 1973); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971). Haggard was not so informed. The error, however, was harmless. Within the statutory time for appeal, Haggard petitioned for a writ of error *coram nobis*. His petition was given a full hearing on the merits with court-appointed counsel. He raised all errors committed at trial which had not been waived. The trial court's denial of the petition was affirmed by the Alabama Court of Criminal Appeals. The petition was, in effect, treated as a statutory appeal. The full ventilation granted Haggard's *coram nobis* petition adequately distinguishes this case from *Daniels, supra*, a decision on which Haggard relies, in which no full hearing on the merits was ever given.

In sum, the facts of this case do not support Haggard's claim he failed to receive "reasonably effective" assistance of counsel. The trial judge testified at the district court hearing that the attorney's representation was good. Many of the alleged errors were either not supported by the facts, or were harmless in view of the strong proof of guilt.

The district court's denial of Haggard's petition for writ of habeas corpus is

AFFIRMED.

TJOFLAT, Circuit Judge, dissenting:

In holding that the petitioner was not denied effective assistance of counsel, the court below applied the test of whether petitioner's "trial was a farce or a mockery of justice or was shocking to the conscience of the reviewing court."[1] This test has been rejected in this circuit, which requires "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960) (emphasis in original), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961); *Herring v. Estelle*, 491 F.2d 125, 127 (5th Cir. 1974); *Mason v. Balcom*, 531 F.2d 717, 722 n.8 (5th Cir. 1976). This case, then, is appropriate for application of the rule that "[a]ny fact findings based on an erroneous legal standard cannot be credited. *Battlestein Investment Co. v. United States*, 5 Cir., 1971, 442 F.2d 87, 89; *Fulton National Bank v. Tate*, 5 Cir., 1966, 363 F.2d 562, 566." *Tyler v. Insurance Co. of North America*, 539 F.2d 1072, 1074 (5th Cir. 1972). *See also Townsend v. Sain*, 372 U.S. 293, 315 n.10, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Rogers v. Richmond*, 365 U.S. 534, 545, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). I would reverse and remand the case with directions that the district court resolve this issue under the correct legal standard.

I respectfully dissent.

---

1. This test was recited in the district court's memorandum opinion. Record at 107.