BOOKOUT, Judge.
On June 11, 1979, the appellant was convicted of robbery and sentenced to thirty years' imprisonment. He failed to appeal his conviction, but on April 6, 1981, filed a petition for writ of error coram nobis contending that he was denied his right to appeal. His petition cited as authority Daniels v. Alabama, 487 F.2d 887 (5th Cir.1973), asking “that the court discharge petitioner, grant him a new trial, or grant him an appeal.”
On May 5, 1981, by agreement of the prosecution and the defense, the trial court purported to grant Longmire an appeal to this court. On May 20, 1981, counsel for appellant filed a motion in the trial court stating that the order of May 5 was not in compliance with our holding in Goolsby v. State, 374 So.2d 927 (Ala.Cr.App.1978-79), and moved the trial court to grant him a new trial under his petition for writ of error coram nobis.
The trial court set aside its order of May 5, denied a new trial, and ordered a further hearing on the petition. After that hearing the trial court, on June 29, found that at the time of sentencing the appellant was aware that he had a right to appeal and that he “expressed to his court appointed trial counsel immediately after trial his desire to appeal his conviction.” The trial court further found that appellant’s sister discussed the appeal with appellant’s court appointed trial counsel, but never retained him. Likewise, she discussed the cost of a trial transcript with the court, reporter, but “did not consummate an agreement.” The trial court found that appellant was unaware that appeal counsel and a transcript would be furnished him at no cost if he was found to be an indigent. The trial court found that “[fjormal notice of appeal was not taken by defendant within the time prescribed by law.”
The order of the trial court on June 29 was entered as follows:
' “1. The Petition for Writ of Error Coram Nobis is due to be granted because petitioner, through no fault of his own, failed to perfect his appeal within the time prescribed by law.
“2. A complete transcript of the original trial proceedings shall be made and the same timely filed in the Court of Criminal Appeals in accordance with the Alabama Rules of Appellate Procedure (Baldwin v. State, [Ala.Cr.App.] [342] So.2d 939).”
Appellant therefore is attempting to obtain a review of his conviction via the procedure used in Baldwin v. State, supra.
This court finds the appellant’s reliance upon Baldwin and Daniels, supra, to be misplaced.
I
In Baldwin, supra, the appellant had given timely notice of appeal. He had failed to timely file a trial transcript in this court. There, upon a finding that the failure to file the transcript was due to no fault of the appellant, this court allowed the filing of the transcript on appeal.
The difference between the instant case and Baldwin is that no notice of appeal was filed in the instant case within forty-two days of entry of sentence, whereas in Baldwin such notice was filed. Rule 4, Alabama Rules of Appellate Procedure, makes the timely filing of notice of appeal jurisdictional. “The timely filing of a notice of appeal with the trial clerk is the only jurisdictional act required in the entire appellate process.” Preface to ARAP, Alabama. Code 1975, vol. 23, page 417. See Turner v. State, 365 So.2d 335 (Ala.Cr. App.), cert. denied, 365 So.2d 336 (Ala.1978). For good cause shown, an appellate court may suspend any of the rules except the jurisdictional rule as to the timely filing of a notice of appeal. See Rule 2(b), ARAP.
*1265 In Goolsby, supra, we stated that “[a]n appeal is deemed ‘perfected’ if the defendant upon rendition of judgment expresses a desire to appeal.” Appellant apparently believes that such an expression to his counsel was sufficient. We hold otherwise. The expression of a desire to appeal must be made in conformity to Rule 3(a)(2), ARAP, by either “filing an oral notice of appeal at the time of sentencing which shall be entered of record or by filing a written notice of appeal with the clerk of the trial court.” (Emphasis added.)
II
Daniels v. Alabama, supra, is not authority for granting an out-of-time appeal. In that case the Circuit Court of Appeals affirmed an order of a federal district court granting Daniels federal ha-beas corpus relief “subject to the right of the State to retry him within six months, unless Alabama provides him with ‘effective out-of-time appellate consideration of his conviction and sentence.’ ” The federal court order did not, and legally could not, order this court to grant an “out-of-time appeal.” The federal habeas corpus relief was the discharge of the prisoner subject to the right of the state to retry him, or give him an out-of-time appeal. The federal court did not go into the matter of whether such an appeal is permissible under state law, but properly left it to state determination as to which alternative it selected to that of discharging the prisoner.
Under Alabama law only one alternative to release would lie in a case where no notice of appeal was timely filed. That alternative would be the right of the state to retry the defendant because, as set out clearly in Goolsby, supra, and cases cited therein, “there is no such creature as an ‘out-of-time appeal’ in this state.”
III
The appellant is not appealing from an order denying him coram nobis relief. He is appealing from an order granting his petition for writ of error coram nobis, but which purports to grant relief not appropriate to that writ.
The relief granted is no more than a subterfuge for granting an out-of-time appeal on the original conviction which we cannot entertain. A petition for writ of coram nobis is in effect a delayed motion for a new trial based upon newly discovered evidence and is not a substitute for an appeal. Groce v. State, 48 Ala.App. 709, 267 So.2d 499 (1972). The writ allows the trial judge to grant a new trial because of an error of fact which, if known at trial, would have prevented rendition of judgment. Lewis v. State, 367 So.2d 542 (Ala.Cr.App.), cert. denied, 367 So.2d 547 (Ala. 1978). The petition must be based upon facts which were not known and could not have been discovered by exercise of due diligence at the time of trial. Summers v. State, 866 So.2d 336 (Ala.Cr.App.), cert. denied, 366 So.2d 346 (Ala.1978).
The trial court may only grant a new trial on the instant petition for writ of error coram nobis or deny the writ. Likewise, the appellant cannot appeal a favorable ruling granting his petition. We find the petition was granted, but the relief granted was inappropriate. For all the reasons stated hereinabove, we find no authority to entertain an appeal in this case.
APPEAL DISMISSED.
All the Judges concur.