TYSON, Judge.
Howard E. Nelson files this appeal from the denial of his petition for writ of error coram nobis seeking to have his original appeal reinstated because of his allegation of the ineffective assistance of counsel at the time of his original trial in that such counsel failed to timely perfect an appeal to the Court of Criminal Appeals of Alabama.
The pertinent facts are these. There were two indictments returned against Howard E. Nelson in November, 1984 by the Grand Jury of Etowah County, Alabama. The first charged the appellant with sex abuse in the first degree and a second with rape in the first degree.
The appellant was tried and found not guilty of rape but was found guilty of sex abuse in the first degree and, at a sentencing hearing held on March 21, 1985, the appellant was sentenced to a term of eight years’ imprisonment in the state penitentiary-
Thereafter the appellant asked his trial counsel to perfect an appeal and counsel gave an oral notice of appeal at the time of sentencing.
There was some discussion between counsel, the appellant and the appellant’s wife with reference to obtaining sufficient funds to pay for a transcript of the original trial proceedings. However, finally, when the appellant and his wife advised counsel that they would be unable to obtain sufficient funds, counsel filed a petition requesting the trial court to determine that the appellant was, in fact, indigent as a matter of law and allow him to proceed with his appeal in forma pauperis.
On July 11,1985 a petition was filed with the circuit court and the trial judge who tried the case initially, after reviewing the affidavit and petition, denied same.
Appellant’s counsel then attempted to talk with the appellant with reference to getting up funds to pay for the record. The appellant and his wife were unable to do so and the cause came to the Court of Criminal Appeals where the appeal was dismissed for lack of a transcript. The trial judge denied the request for probation and the appellant was then picked up to commence serving his sentence.[1]
Appellant’s counsel testified that he had relied upon the representations made to him by the appellant and his wife that they had persons whom they might contact with reference to obtaining sufficient funds to pay for a record. They indicated it would take some $330 to $340 to pay for the record. He also testified that after the appellant was unable to obtain funds after the denial of his petition, he was picked up and it was necessary for counsel to file a debtor’s proceeding and place the wife in debtor’s court. The youngest child was also picked up and placed in custody of the juvenile court
The wife was unable to obtain funds to pay counsel to prosecute the appeal or pay the fee to handle the appeal.
Moreover, it was established at the hearing in the trial court that appellant had suffered a heart attack.
I
This court has carefully considered the transcript in this cause and the orders handed down by the trial court. We are of the view that counsel who represented the appellant at the original trial should have perfected an appeal of the ruling of the trial judge denying his petition seeking to proceed in forma pauperis. See Section 15-12-22, Code of Alabama, 1975 as amended, 1981.
See also Rule 24, Alabama Rules of Appellate Procedure as revised.
*646 Nevertheless, since the failure to timely perfect an appeal under the foregoing rules can constitute the basis of an allegation of inadequate or ineffective assistance of counsel, see Longmire v. State, 443 So.2d 1263 (Ala.Cr.App.1981), rev’d 443 So.2d 1265 (Ala.1982), on remand, 443 So.2d 1270 (Ala.1984) and Brown v. State, 460 So.2d 263 (Ala.Cr.App.1984), the trial court was in error in denying the coram nobis petition.
In view of the foregoing authorities, this court is of the opinion that the trial court’s determination that the appellant was not indigent as a matter of law and the denial of his petition to proceed in forma pauperis following the original conviction was in error.
It therefore follows that the denial of his coram nobis petition, based on this, was also in error.
II
In light of this court’s determinations, we do hereby reverse and remand these two determinations and instruct the trial court to grant the appellant an “out of time appeal” with full transcript of the original trial in accordance with Longmire, supra and Brown, supra.
The trial court is also instructed to appoint competent counsel to represent the appellant in the Court of Criminal Appeals and to be certain that the transcript and appropriate brief on the issues are filed in this court.
For the foregoing reasons, the orders denying the appellant’s petition to proceed in forma pauperis and for writ of error coram nobis, because of the denial of his right to appeal, are hereby reversed and remanded. This cause is further remanded to the trial court with instructions as herein outlined.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.

. Appellant appeared with retained counsel at preliminary hearing. Being unable to pay this counsel, the court appointed counsel to represent this appellant at trial.