TYSON, Judge.
This is an out-of-time appeal granted by the trial court in accordance with our opinion reported as Nelson v. State, 517 So.2d 644 (Ala.Crim.App.1987).
Howard Eugene Nelson was indicted for rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975, and sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama 1975. The jury found the appellant guilty of sexual abuse in the first degree and not guilty of rape in the first degree. The appellant was sentenced to eight years’ imprisonment in the state penitentiary.
The appellant does not challenge the sufficiency of the evidence. Thus, the facts of this case will be briefly stated.
On August 11, 1984, the prosecutrix ran away from home and went to a friend’s house. The prosecutrix told her friend that she ran away from home because her father, the appellant, was sexually abusing her. The friend reported this to the Department of Pensions and Security.
Approximately two weeks before the prosecutrix ran away from home, the appellant made the prosecutrix go into his bedroom where he removed the prosecu-trix’s clothes. The appellant fondled the prosecutrix and had sexual intercourse with her. The prosecutrix testified that the appellant had been doing this for about two years.
I
The appellant asserts that the trial judge erred by granting the State’s motion in limine which barred the testimony concerning the prosecutrix’s sexual relationship with a former boyfriend.
The trial judge granted the motion in limine under the authority of § 12-21-203, Code of Alabama 1975. The pertinent part of § 12-21-203, Code of Alabama 1975 is as follows:
“(b) In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness [the victim] as defined in subsection (a) of this section, shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise provided in this section.”
When the prosecuting attorney made the motion in limine, he stated:
“MR. HART: Judge, at this time the State would like to make a motion in limine. On voir dire Mr. Harrison [appellant’s trial attorney] asked if anyone knew a James Nelson — I mean James White. Might have been a boyfriend of the complaining witness here and under Section 12-21-203 any evidence about any possible past sexual behavior of the complaining witness here with anyone other than this Defendant is impermissible under the law and under the law she cannot be asked on direct whether she’s had any sort of sexual relationship with a boyfriend, so at this time we’re asking for a motion in limine under this Section.” (R. 4).
The appellant argues that White should have been allowed to testify concerning problems that existed between the prosecu-trix and her parents.
“The trial court has broad discretion in evidentiary matters. See Louisville & N.R.R. v. Phillips, 293 Ala. 713, 310 So.2d 194 (1975).
“ ‘In keeping with the vesting' of broad discretion in the trial court in this area, it is generally held that the granting of a motion in limine can never be reversible error. The non-moving party may repeat at trial, preferably out of the hearing of the jury, his request for permission to prove the contested matter. This offer of proof is required in order to isolate the *1120 error for appeal. It is this refusal at trial to accept the proffered evidence, not the granting of the pretrial motion in limine, that serves as the basis for reversible error. Of course, this ability to bring up the matter a second time would not be available if counsel had requested and the judge had granted a prohibitive-absolute motion in limine.’
“Gamble, The Motion in Limine: A Pretrial Procedure That Has Come of Age, 33 Ala.L.Rev. 1 (1981).”
State v. Askew, 455 So.2d 36, 37 (Ala.Civ.App.1984).
From a reading of the record, all that was requested and granted was a motion in limine to keep out White’s testimony concerning past sexual behavior of the prosecutrix. The motion in limine was not in any way intended to prohibit White’s testimony on any other matters. Defense counsel could have attempted to present White as a witness and could have informed the trial judge on what matters he would have testified to. If the State had objected and the trial judge sustained that objection, the appellant could have appealed that ruling. See Ex Parte Houston Co., 435 So.2d 1268 (Ala.1983). There is no evidence in the record that the appellant ever attempted to call White as a witness.
The State’s motion in limine prohibiting the testimony of prosecutrix’s prior sexual behavior was properly granted and, thus, no error occurred.
II
The appellant maintains that the trial judge erred by allowing into evidence certain hearsay testimony which was prejudicial to this appellant.
During the testimony of Dr. Richard Cole, the following occurred:
“Q. Did you take a history from ... [the prosecutrix] herself?
“A. Yes, I did.
“Q. And was that history a complaint of sexual abuse or a rape?
“MR. HARRISON: I object to what was in the history, your Honor, as being hearsay.
“THE COURT: Overruled.
“MS. JONES: You can answer.
“A. What I did is, first I went in with the nurse and talked to her and what she told me is what I have in the history of my report.” (R. 60-61).
“[However], even the erroneous admission of the evidence is not ground for reversal, if the same evidence has already been admitted to the jury without objection.”
Hayes v. State, 395 So.2d 127, 147 (Ala.Crim.App.1980), writ denied, 395 So.2d 150 (Ala.1981).
Earlier in Dr. Cole's examination he testified:
“Q. What was the occasion for your first seeing her?
“A. She was a referral from DPS for a suspected sexual assault or abuse.” (R. 56-57).
Thus, this testimony about the prosecu-trix being a suspected sexual abuse case had already been allowed into evidence without objection. Therefore, any error which may have occurred would not be grounds for reversal.
We have reviewed this record and find no errors therein.
For the reasons shown, this cause is due to be and is, hereby, affirmed.
AFFIRMED.
All the Judges concur.