This is an appeal from the denial of a petition for post-conviction relief.
In 1983, Clarence Joseph Matthews was convicted of burglary in the third degree and sentenced to fifteen years' imprisonment as a habitual felony offender. That conviction was affirmed on appeal, without opinion on May 22, 1984.Matthews v. State, 453 So.2d 8 (Ala.Cr.App. 1984).
In May of 1988, Matthews filed a petition for post-conviction relief alleging, among other things, a violation of his constitutional right to the effective assistance of counsel. In particular, he alleged a violation of Brooks v. Tennessee,406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), which stands for the proposition that to require the accused to testify before any other testimony for the defense is heard or else to testify not at all violates the accused's right to remain silent and his due process right to the "guiding hand of counsel." After an evidentiary hearing on the merits of the petition, the circuit court denied the petition "due toPetitioner's failure to meet his burden of proof."
The transcript of Matthews's trial reflects that the trial judge, Circuit Judge Ferrill D. McRae, told defense counsel, "Now, would you like to put him on the stand also? Because the only thing I'm telling you is you either do it now or you're not going to do it in the morning." Judge McRae also conducted the hearing on the petition. During that hearing he specifically found that "the record does not reflect whether I'm talking about a witness who I brought all the way from Montgomery or the Defendant himself." Matthews, and his trial attorney (by stipulation), testified that the judge was referring to Matthews, the defendant.
This issue could have been, but was not, raised at trial or on direct appeal. There was no objection at trial and a "no merit" brief was filed on appeal. Therefore, under Rule 20.2(a)(3) and (5), Temp.Ala.R.Crim.P., Matthews is precluded from relief on this ground of his petition for post-conviction relief.
Matthews also argues that his trial and appellate counsel were ineffective for failing to raise this issue at trial and on appeal. During the course of the evidentiary hearing, Judge McRae stated, "I don't see where his [Matthews's] rights were prejudiced in any way." He also stated, "I can't see where he [trial counsel] did anything ineffective." However, the circuit court did not make "specific findings of fact relating to each material issue of fact presented," as required by Rule 20.9(d), A.R.Cr.P.Temp. Such specific findings are essential in this case because the requirement that a defendant be the first defense witness violates the defendant's right to the effective assistance of counsel and carries with it a presumption of prejudice. " 'Actual or constructive denial of the assistance of counsel altogether,' . . . is not subject to the kind of prejudice analysis that is appropriate in determining whether the quality of a lawyer's performance itself has been constitutionally ineffective." Perry v. Leeke, ___ U.S. ___,109 S.Ct. 594, 600, 102 L.Ed.2d 624 (1989).
The reasonable resolution of this case must be based upon specific factual findings. Therefore, this cause is remanded to the circuit court with instructions that full compliance be had with Rule 20.9(d), A.R.Cr.P.Temp. We note that the Attorney General has also requested such action.
REMANDED WITH DIRECTIONS.
All Judges concur.