BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief. The petitioner challenges his 1989 conviction for assault. The main issue in the petition is whether the petitioner was denied his right to appeal due to the ineffective assistance of counsel. See Longmire v. State, 443 So.2d 1265 (Ala.1982).
It appears to this Court that the petitioner’s allegations may have considerable merit. However, the circuit court denied the petition after an evidentiary hearing with the following order: “After consideration of the petition and evidence ore tenus, the Court is of the opinion that defendant’s petition is due to be and is hereby denied.”
Rule 20.9(d), A.R.Crim.P.Temp., provides that, after an evidentiary hearing, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.” See Matthews v. State, 555 So.2d 283, 284 (Ala.Cr.App.1989). From the record, this Court is unable to determine the basis for the circuit court’s denial of the petition.
In brief, the State requests this Court to remand this cause to the circuit court for compliance with Rule 20.9(d) because “[t]he State is unable to respond to the Appel *862 lant’s argument since the trial court failed to make specific findings of facts as to why the Rule 20 petition was denied.” Appel-lee’s brief at 5.
The motion of the State is granted. This cause is remanded to the circuit court with directions that the court comply with Rule 20.9(d) by making specific findings of fact relating to each material issue of fact presented at the evidentiary hearing. The circuit court is further directed to clearly specify the basis upon which the petition was denied. The circuit court shall forward a copy of its written findings and reasons to this Court with reasonable dispatch.
REMANDED WITH DIRECTIONS.
All Judges concur.