ON RETURN TO REMAND
BOWEN, Judge.
On original submission, this cause was remanded to the circuit court for compliance with Rule 20.9(d), A.R.Crim.P.Temp., by making specific findings relating to each material issue of fact presented at the evi-dentiary hearing on the petition for post-conviction relief. 570 So.2d 861.
In the petition, the petitioner alleged that his counsel was ineffective in failing to appeal his conviction. On remand, the circuit court entered a written order in full compliance with our directions and with Rule 20.9(d). A portion of that order is as follows:
“In this case, there appears to be no denial of the defendant’s constitutional right to a direct appeal because the defendant never advised the trial court or *1202 any other responsible state official that he desired to appeal [after having been advised by the trial court of his right to appeal and of his right to appointed counsel and with the knowledge that his retained counsel would not represent him on any appeal].
“Additionally, under Rule 20.1(f) this Court finds that the petitioner’s failure to appeal was not without fault on the petitioner’s part. Indeed, the defendant knew and clearly understood that Mr. Miller would not represent him on his appeal and was advised by the Court that if he could not afford an attorney one would be appointed for him at no charge. With this understanding and with this advice, there is no evidence that the defendant made any effort to obtain either other retained counsel or court-appointed counsel for the purpose of perfecting his appeal and the Court must therefore conclude that there was fault on the part of the defendant in failing to do so.”
Based upon these findings, we conclude that the petitioner’s allegation of ineffective assistance of counsel and denial of his right to appeal are without merit. The denial of the petition for post-conviction relief is affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.